IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :
:
v. : Crim. No. CCB-01-0188
: Civil No. CCB-16-2371
ARMISTEAD D. MYERS :
...o0o...

## **MEMORANDUM**

Now pending is Armistead Myers's motion to vacate sentence under 28 U.S.C. § 2255, as supplemented following the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019) and the Fourth Circuit's decision in *United States v. Simms*, 914 F.3d 229, 233–34 (4th Cir. 2019) (*en banc*). The government has responded in opposition, and Myers has replied. (ECF Nos. 77, 79, 80, 87, 89).

On January 31, 2002, Myers was found guilty by a jury of Count One, Hobbs Act conspiracy, and Count Two using, carrying, or brandishing a firearm during and in relation to a crime of violence. (ECF No. 80-4) Count One of the indictment set forth multiple overt acts as part of a conspiracy among Myers and others lasting from December 12, 1997, to February 28, 1999, to obstruct commerce by robbery of various interstate businesses. Count Two, however, charged a specific act of brandishing an AK-47 "during and in relation to a crime of violence, specifically, the armed robbery of the Giant Food Store... as alleged in Overt Act 13 of Count One of this indictment." (ECF 80-2).

Myers argues that his conviction on Count Two necessarily rested on the conspiracy charged in Count One. He relies on a portion of the court's instructions, while the government in its opposition points to the language of Count Two of the indictment and other portions of the court's instructions. In relevant part, the instructions on Count Two explained:

> The government must prove each of the following elements beyond a reasonable doubt to sustain its burden of proving the defendant guilty of Count Two:
>
> First, that the defendant committed a crime of violence for which he might be prosecuted in a Court of the United States; that is, the conspiracy charged in Count One); and

  Second, that the defendant knowingly brandished a firearm during and in relation to the commission of the crime of armed robbery referred to in Overt Act 13 of Count One of the indictment. (The robbery of Giant Food in Wilde Lake, Columbia).

  The first element the government must prove beyond a reasonable doubt is that the defendant committed a crime of violence for which he might be prosecuted in a Court of the United States. I instruct you that the crime of armed robbery, as referenced in Overt Act 13 of Count One, is a crime of violence. However, it is for you to determine whether the government has proven beyond a reasonable doubt that the defendant committed the crime. If you find the defendant not guilty on Count One, then you must find him not guilty on Count Two. (ECF 80-3 at 20).

The jury found Myers guilty on both counts. (ECF 80-4).

  As the parties agree, a conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence under 18 U.S.C. § 924(c). *Davis*, 139 S.Ct. 2319. Hobbs Act robbery itself remains a crime of violence under the Force Clause. *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Myers argues that his conviction on Count Two was predicated on the conspiracy charged in Count One and therefore must be vacated. But a conviction under § 924(c) does not require the defendant to have been convicted of the predicate offense, "as long as all of the elements of that offense are proved and found beyond a reasonable doubt." *United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997); *see also In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019); *United States v. Mobley*, Crim. No. 3:12-897-CMC, 2019 WL 4016188, at *5 (D.S.C. Aug. 26, 2019).

  In this case, the indictment and the jury instructions both make it clear that the jury necessarily found that the defendant committed the armed robbery charged as Overt Act 13, as well as the overall conspiracy charged in Count One. Thus all elements of the predicate offense of Hobbs Act robbery were proved and found by the jury beyond a reasonable doubt. Accordingly, Myers is not entitled to relief, and the motion to vacate will be denied.

  A separate Order follows.

1/10/20
Date

/S/
Catherine C. Blake
United States District Judge